h STEWART, J.,
concurs in the dissent by GASKINS, J., with additional reasons.
The majority misconstrues the salient facts and law in this matter by classifying *1030 it as a pure election dispute. Counsel for the appellee in his brief and upon direct examination of this Court during oral argument, failed to cite any provision of the election code that authorized the action prayed for in his petition to the district court. In fact, his main complaint has always been that the appellants did not comply with the custodial requirements of disclosing the recall petitions under the public records doctrine.
The judgment of the trial court enjoining the Governor and Secretary of State from holding an election that has not been called is facially defective and beyond the scope of powers of the district court.
Lastly, the majority opinion avoids the fundamental issue before the court. That is, the right of the citizens of Homer to hold a lawful election and allow their votes to be heard. The majority opinion is tantamount to a disenfranchisement of those citizens in clear derogation of their constitutionally protected right to vote.
Thus, I respectfully dissent.